# IN THE CIRCUIT COURT OF JEFFERSON COUNTY
# STATE OF MISSOURI

| | |
|---|---|
| STATE OF MISSOURI, ex rel. ERIC S. SCHMITT, in his official capacity as Missouri Attorney General, | ) ) ) ) ) Case No. 19JE-CC00896 |
| Plaintiff, | ) ) Division 5 |
| v. | ) ) |
| HAPPY FUN EVENTS, LLC, et al., | ) ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS HAPPY FUN EVENTS, LLC AND MARTHA PORTER HUNN

Plaintiff, State of Missouri, ex rel. Eric S. Schmitt, in his official capacity as Missouri Attorney General ("Plaintiff"), respectfully moves this Court to enter a Default Judgment against Defendants Happy Fun Events, LLC ("HFE") and Martha Porter Hunn ("Hunn") pursuant to Missouri Supreme Court Rule 74.05(a). In support thereof, Plaintiff states as follow:

1. On December 18, 2019, Plaintiff filed its Petition for Permanent Injunction, Restitution, Civil Penalties, and Other Relief (the "Petition").

2. Defendant Hunn, an individual, is the registered agent for Defendant HFE, a limited liability company registered in the State of Utah.

3. Defendant Hunn was served with the Petition and summons on her own behalf on March 2, 2020. *See* Exhibit 1, attached hereto. Upon being served on her own behalf, Defendant Hunn's answer was due on April 1, 2020.

4. Defendant Hunn was served with the Petition and summons on behalf of HFE as its registered agent on March 3, 2020. *See* Exhibit 2, attached hereto. Upon being served through its registered agent, HFE's answer was due on April 2, 2020.

5. With the consent and agreement of Defendants HFE and Hunn, who were communicating with counsel for Plaintiff through an attorney, Plaintiff moved the Court on April 1, 2020 to extend the deadline for HFE and Hunn to answer until June 2, 2020. The Court granted Plaintiff's consent motion on April 3, 2020.

6. Defendants HFE and Hunn did not enter or appear by June 2, 2020, and to date, despite the passage of more than a year since they were served, neither HFE nor Hunn has filed an answer or otherwise responded to the Petition.

7. Plaintiff is entitled to a default judgment against Defendants HFE and Hunn pursuant to Missouri Supreme Court Rule 74.05(a), which provides in relevant part: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, upon proof of damages or entitlement to other relief, a judgment may be entered against the defaulting party." Mo. R. Civ. Pro. 74.05(a).

8. As alleged in the Petition, Defendants HFE and Hunn acted in concert with one another and with their as-yet-unserved co-defendants Taylor Gourley and Owen Hunn, to violate the Missouri Merchandising Practices Act, §§ 407.010 RSMo, *et seq.* ("MMPA"), in connection with the marketing and sale of tickets to Lantern Fest in Eureka, Missouri, an event planned and promoted by Defendants.

9. Defendants HFE and Hunn violated the MMPA in several ways, including by (1) omitting to disclose to consumers that HFE was being closed and that Lantern Fest, would not take place; (2) using deception in connection with the sale of tickets to Lantern Fest by suggesting, falsely, that Lantern Fest would take place as planned; and (3) falsely promising consumers that Defendants would hold a Lantern Fest event in exchange for payment.

10. Having violated the MMPA and defaulted on their obligations under the Missouri

Rules of Civil Procedure to plead or otherwise defend, Plaintiff is entitled to a judgment of default against Defendants HFE and Hunn pursuant to Missouri Supreme Court Rule 74.05.

11. Plaintiff prays that the Court enter a judgment pursuant to § 407.100.4 RSMo against Defendants HFE and Hunn for restitution to every person who has suffered an ascertainable loss as a result of Defendants' violations of the MMPA. Here, the total ascertainable loss suffered by consumers as a result of Defendants' misconduct is at least $231,176.68, as proven by the Affidavit of Garrett Bentlage, attached hereto as Exhibit 3.

12. Pursuant to § 407.100.6 RSMo, Plaintiff prays the Court award civil penalties in the amount of $1,000.00 for every violation of § 407.020 RSMo. Here, Defendants violated § 407.020 RSMo at least 6,859 times through their actions and misrepresentations. *See* Ex. 1. Accordingly, Plaintiff request the Court to order Defendants to pay civil penalties in the total amount of $6,859,000.00.

13. Pursuant to § 407.130 RSMo, Plaintiff is entitled to recover from Defendants the costs of investigation and prosecution of any action to enforce the MMPA. In this matter, Plaintiff has thus far incurred costs and attorneys' fees in the amount of $19,562.22 for investigation and prosecution. *See* Affidavit of H. Anthony Relys, attached hereto as Exhibit 4; *see also* Affidavit of Arlene Boessen, attached hereto as Exhibit 5.

14. Pursuant to § 407.100 RSMo, this Court may issue an injunction to prevent violations of the MMPA. Plaintiff requests that Defendants be permanently enjoined from advertising, selling, offering for sale, or marketing any events, tickets to events, or services related to events in the State of Missouri, and from soliciting or accepting upfront or advance payments from Missouri consumers for any services not yet performed.

15. Pursuant to § 407.140.3 RSMo, Plaintiff is entitled to ten percent (10%) of the total

restitution ordered by the Court to be paid by Defendants to the State's treasury to the credit of the merchandising practices revolving fund. Plaintiff is therefore entitled to $23,117.67 to be credited to merchandising practices revolving fund.

WHEREFORE, and for all of the above-stated reasons, Plaintiff respectfully requests the Court to:

A. Enter a judgment of default against Defendants Happy Fun Events, LLC and Martha Porter Hunn;

B. Enter a judgment in favor of the State of Missouri and against Defendants Happy Fun Events, LLC and Martha Porter Hunn in the total amount of $7,132,856.40;

C. Permanently enjoin Defendants Happy Fun Events, LLC and Martha Porter Hunn from advertising, selling, offering for sale, or marketing any events, tickets to events, or services related to events in the State of Missouri, and from soliciting or accepting upfront or advance payments from Missouri consumers for any services not yet performed; and

D. Grant any such other and further relief the Court deems fair and appropriate.

Respectfully submitted,

**ERIC S. SCHMITT**,
Attorney General

*/s/ H. Anthony Relys*
H. Anthony Relys, #63190MO
Assistant Attorney General
Post Office Box 861
St. Louis, MO 63188
Tel: (314) 340-6816
tony.relys@ago.mo.gov

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2021, I electronically filed the foregoing **Plaintiff's Motion for Default Judgment Against Defendants Happy Fun Events, LLC and Martha Porter Hunn** with the Clerk of the Court to be served on all counsel of record.

>    */s/ H. Anthony Relys*
>    H. Anthony Relys
>    Assistant Attorney General