# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, *ex rel.* *Attorney General Eric S. Schmitt*, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | Case No. 4:21-cv-01387-MTS |
| HAPPY FUN EVENTS, LLC, *et al.* ) ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER OF REMAND**

Plaintiff, the State of Missouri, at the relation of Attorney General Eric S. Schmitt, brought this action in Missouri Circuit Court for permanent injunction, restitution, civil penalties, and other relief against Defendants Happy Fun Events, LLC, Owen Spencer Hunn, Martha Porter Hunn, and Taylor Russell Gourley. Defendant Spencer Hunn removed the case to this Court "pursuant to 28 U.S.C. §§ 1332(a), 1446(b)(2)(B)-(C), and 1441(b) based on diversity jurisdiction." Doc. [1] at 1. Two days later, Plaintiff moved to remand this case back to Missouri Circuit Court. Doc. [11]; 28 U.S.C. § 1447(c). Defendant did not oppose the Motion,[1] and his time to do so has passed. *See* E.D. Mo. L.R. 4.01(B).

A defendant may remove an action to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). One way in which federal courts have original jurisdiction over an action is through diversity jurisdiction under 28 U.S.C. § 1332(a). Diversity jurisdiction under § 1332(a)(1) exists if the amount in controversy exceeds $75,000 and if no defendant holds citizenship in the same state where any plaintiff holds citizenship. *OnePoint*

---

[1] Perhaps Defendant filed nothing at all in response to the Motion to Remand because had he filed anything other than full consent to the Motion, it may have violated Federal Rule of Civil Procedure 11(b)(2). If so, Defendant unnecessarily delayed this case further by not acknowledging his meritless removal.

*Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); § 1332(a)(1) (providing district courts original jurisdiction over all civil actions between "citizens of different States" where the matter in controversy exceeds the sum or value of $75,000).  Here, Defendant Spencer Hunn asserts that "this action is between citizens of different states, satisfying the diversity requirements under 28 U.S.C. § 1332(a)(1)."  Doc. [1] ¶ 19.  But this action plainly is *not* between citizens of different states.

Seemingly in an effort to establish the State of Missouri's citizenship, Defendant Spencer Hunn states that Plaintiff's "Petition alleges that Plaintiff is a resident of the State of Missouri," and he cites the Petition at paragraph one.[2]  Doc. [1] ¶ 9.  But "a State is not a 'citizen' for purposes of the diversity jurisdiction" of federal courts.  *Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973).  Nor is an entity that is merely an "alter ego" or "arm" of a State a citizen for purposes of § 1332(a)(1).  *Pub. Sch. Ret. Sys. of Missouri v. State St. Bank & Tr. Co.*, 640 F.3d 821, 826 (8th Cir. 2011) (citing *Moor*, 411 U.S. at 717).  The "ultimate question" here is "whether the State of Missouri is the real party in interest in this case," *Public School Retirement System of Missouri*, 640 F.3d at 827, and Missouri plainly is the real party in interest, *State of Missouri. ex rel. Webster v. Best Buy Co.*, 715 F. Supp. 1455, 1458 (E.D. Mo. 1989) (concluding no diversity jurisdiction existed over action under Missouri Merchandising Practices Act brought by Missouri Attorney General because he was State's alter ego, and Missouri was true party in interest); *see also New York by James v. Amazon.com, Inc.*, --- F. Supp. 3d. ---, ---, No. 1:21-cv-01417-JSR, 2021 WL 3140051, at *4–5 (S.D.N.Y. July 26, 2021) (concluding no diversity

---

[2] Even if Missouri could be a citizen for purposes of diversity jurisdiction, Plaintiff's Petition simply does not allege what Defendant represents it alleges.  Doc. [5] ¶ 1 (stating only: "Eric S. Schmitt is the Attorney General of the State of Missouri and brings this action in his official capacity pursuant to Chapter 407, RSMo.").  And, in addition, stating that a person is a "resident" of a state does not establish the person's citizenship for purposes of diversity jurisdiction.  *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777–78 (8th Cir. 2014) ("Because of this ambiguity in the word 'resident'—as compared to 'citizen' and the unambiguous 'reside'—we cannot satisfy ourselves that diversity jurisdiction is proper based solely on an allegation a party is (or was) a 'resident' of a particular state.").

jurisdiction existed over action brought by New York Attorney General because State of New York was real party in interest, which destroyed diversity).

Since Missouri's Attorney General is "clearly" the alter ego of Missouri in this case, the true party in interest, *Best Buy Co.*, 715 F. Supp. at 1457, Plaintiff is not a citizen for diversity jurisdiction purposes. This Court, then, cannot have subject matter jurisdiction over this action under § 1332(a)(1), the only jurisdictional basis Defendant Spencer Hunn advanced. The Court must remand this case back to state court. 28 U.S.C. § 1447(c); *Rosenbloom v. Jet's Am., Inc.*, 277 F. Supp. 3d 1072, 1074–75 (E.D. Mo. 2017) ("The removing defendant, as the party invoking jurisdiction, bears the burden of proving that all prerequisites to jurisdiction are satisfied."). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's unopposed Motion to Remand, Doc. [11], is **GRANTED**, and it is **HEREBY ORDERED, ADJUDGED, AND DECREED** that this action is **REMANDED** to the Missouri Circuit Court for the Twenty-Third Judicial Circuit at Hillsboro, Jefferson County, Missouri.

Dated this 10th day of December, 2021.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE