# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, *ex rel.* *Attorney General Eric S. Schmitt*, )<br>)<br>) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:21-cv-01387-MTS |
| ) | |
| HAPPY FUN EVENTS, LLC, *et al.* ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff, the State of Missouri, at the relation of Attorney General Eric S. Schmitt, brought an action in Missouri Circuit Court for permanent injunction, restitution, civil penalties, and other relief against Defendants Happy Fun Events, LLC, Owen Spencer Hunn, Martha Porter Hunn, and Taylor Russell Gourley. Defendant Spencer Hunn removed the case to this Court "pursuant to 28 U.S.C. §§ 1332(a), 1446(b)(2)(B)-(C), and 1441(b) based on diversity jurisdiction." Doc. [1] at 1. Plaintiff quickly moved to remand this case back to Missouri Circuit Court. Doc. [11]; 28 U.S.C. § 1447(c). Defendant Spencer Hunn never filed a response to Plaintiff's Motion to Remand. After his time to respond to the Motion had passed, the Court remanded the case and noted the removal was "meritless." Doc. [18] (2021 WL 5865377).

Shortly after the Court remanded the case, Plaintiff filed a Motion for Costs under 28 U.S.C. § 1447(c) seeking its actual costs from Defendant Spencer Hunn that resulted from his meritless removal.[1] Doc. [19]. Just like he did with the Motion to Remand, Defendant Spencer Hunn failed to file any response whatsoever to Plaintiff's Motion for Costs, and his time to do so

---

[1] A court retains jurisdiction to award costs even after remand. *See Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 482–83 (8th Cir. 2015) (per curiam); *see also Coward v. AC & S., Inc.*, 91 F. App'x 919, 922 (5th Cir. 2004); *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 448 (9th Cir. 1992); *Atkison v. Steak & Shake of Hampton, Inc.*, No. 4:05-cv-1507-CAS, 2006 WL 8461284, at *1 (E.D. Mo. Feb. 23, 2006).

has passed.² *See* E.D. Mo. L.R. 4.01(B). Our system is an adversarial one, and briefing improves the quality of decision-making. *See Greenlaw v. United States*, 554 U.S. 237, 260 (2008) (Alito, J., dissenting). For the Court's own benefit, it will provide Defendant Spencer Hunn an opportunity to show cause why Plaintiff's Motion for Costs should not be granted in full.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Spencer Hunn shall show cause, in writing, by noon on Friday, January 7, 2022 why the Court should not grant Plaintiff's Motion for Costs in full.

Dated this 5th day of January, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

² Because Defendant Spencer Hunn failed to respond two separate times to two separate motions, the Court confirmed that Defendant's counsel had been receiving alerts via CM/ECF. A review of CM/ECF filing receipts showed that four separate individuals at Gordon Rees Scully Mansukhani, LLP, the law firm that represents Defendant Spencer Hunn, received electronic notification of both Plaintiff's Motion for Costs and of Plaintiff's Motion to Remand.