**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| STATE OF MISSOURI, *ex rel.* | ) |
| *Attorney General Eric S. Schmitt*, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:21-cv-01387-MTS |
| | ) |
| HAPPY FUN EVENTS, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Costs, Doc. [19]. Because the Court concludes that Defendant Owen Spencer Hunn lacked an objectively reasonable basis for removing this case to federal court, the Court will grant the Motion in part.[1]

Plaintiff, the State of Missouri, at the relation of Attorney General Eric S. Schmitt, brought this case in Missouri Circuit Court for permanent injunction, restitution, civil penalties, and other relief against Defendants Happy Fun Events, LLC, Owen Spencer Hunn, Martha Porter Hunn, and Taylor Russell Gourley. Defendant Spencer Hunn removed the case to this Court "pursuant to 28 U.S.C. §§ 1332(a), 1446(b)(2)(B)-(C), and 1441(b) based on diversity jurisdiction." Doc. [1] at 1. Two days later, Plaintiff moved to remand this case back to Missouri Circuit Court, noting that a state is not a citizen for purposes of diversity jurisdiction. Doc. [11]; 28 U.S.C. § 1447(c). Defendant filed no response to the Motion.[2] After Defendant's

---

[1] Counsel for Spencer Hunn also represent Defendants Happy Fun Events, LLC and Martha Porter Hunn. Doc. [22] at 10. Only Spencer Hunn, though, removed this case. *See* Doc. [1] at 1 ("In support of this Notice of Removal, Defendant Spencer Hunn, by and through his undersigned legal counsel, states and avers as follows[.]"); *id.* at 9 ("[F]or the foregoing reasons, Defendant Spencer Hunn hereby removes this action from the Twenty-Third Judicial District Court[.]").

[2] Defendant Spencer Hunn states that he showed "professional grace" by "not filing an opposition," which saved "judicial resources." Doc. [22] 8–9. His failure to respond, however, did not save judicial resources. Rather than filing a one sentence acknowledgment of the merits of Plaintiff's Motion to Remand, the Defendant's silence

allotted time to respond had passed, see E.D. Mo. L.R. 4.01(B), the Court issued a Memorandum and Order of Remand, noting Defendant's removal was meritless and returning the case to state court.  Doc. [18] (2021 WL 5865377).

Plaintiff subsequently moved for costs against Defendant Spencer Hunn as allowed by 28 U.S.C. § 1447(c) (empowering courts with authority to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal").  Defendant Spencer Hunn failed to respond within his allotted time, which prompted the Court to issue a show-cause order.  After being given a bit more time, Defendant Spencer Hunn responded to the show-cause order and opposed Plaintiff's Motion for Costs.[3]  The Court has concluded it has jurisdiction to award costs[4] and will therefore analyze whether an award of costs is appropriate in this case.

The Supreme Court has explained that the standard for awarding costs under § 1447(c) "should turn on the reasonableness of the removal."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  It has held that "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Id.*  Section 1447(c) operates not as a sanction but as a "fee-shifting statute" that passes costs related to the removal to the party whose removal lacked an objectively reasonable basis.  *See Robinson v. Pfizer, Inc.*, 855 F.3d 893, 897–98 (8th Cir. 2017).

---

prompted the Court to issue an explanation of its decision to remand, all without the benefit to the Court of the adversarial briefing process.  In addition, it unnecessarily left this case sitting on the docket of a court that lacked jurisdiction to hear it, waiting until Defendant's allotted time to respond had passed.
[3] Defendant Spencer Hunn noted that it had secured the consent of Plaintiff for an extension to respond to Plaintiff's Motion for Costs.  Doc. [22] at 1–2.  Defendant, though, never filed anything with the Court seeking an extension.  *See* Fed. R. Civ. Pro. 6(b); *see also, e.g.*, Doc. [16].
[4] *See Convent Corp. v. City of N. Little Rock, Ark.*, 784 F.3d 479, 482–83 (8th Cir. 2015) (per curiam); *see also Coward v. AC & S., Inc.*, 91 F. App'x 919, 922 (5th Cir. 2004); *Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 448 (9th Cir. 1992); *Atkison v. Steak & Shake of Hampton, Inc.*, No. 4:05-cv-1507-CAS, 2006 WL 8461284, at *1 (E.D. Mo. Feb. 23, 2006).

Defendant Spencer Hunn removed the case to this Court "based on diversity jurisdiction" under "§ 1332(a)." Doc. [1] at 1. The Court concludes that Defendant lacked an objectively reasonable basis to remove this case on the grounds of diversity jurisdiction. Plaintiff in this case is the State of Missouri, on the relation of Missouri's Attorney General. Nearly fifty years ago, the Supreme Court noted that "[t]here is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction."[5] *Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973). It further noted that the principle has been established since at least 1894. *Id.* (citing *Postal Telegraph Cable Co. v. Alabama*, 155 U.S. 482, 487 (1894)); *see also, e.g.*, *Chicago, R.I. & P. Ry. Co. v. State of Neb.*, 251 F. 279, 280 (8th Cir. 1918) ("A state is not a citizen.").[6]

The long-held principle that states are not citizens for diversity jurisdiction purposes, coupled with numerous modern cases procedurally similar—or even identical—to the case here, establishes that there was no objectively reasonable basis for seeking removal in this case. *See, e.g.*, *State of Mo., ex rel. Webster v. Best Buy Co.*, 715 F. Supp. 1455, 1458 (E.D. Mo. 1989) (finding diversity jurisdiction did not exist because Missouri was real party in interest in suit by its attorney general for violation of the Missouri Merchandising Practices Act); *State of Mo. ex rel. Webster v. Freedom Fin. Corp.*, 727 F. Supp. 1313, 1317–18 (W.D. Mo. 1989) (same); *State of Minn. by Ulland v. Int'l Ass'n of Entrepreneurs of Am.*, 858 F. Supp. 937, 941 (D. Minn. 1994); *State of Mo. ex rel. Nixon v. Jackson*, No. 2:07-cv-00006-DDN, 2007 WL 5117112, at *1

---

[5] Defendant argues 28 U.S.C. § 1332(a) does "not expressly or implicitly provide that a state is not a 'citizen' for diversity jurisdiction purposes." Doc. [22] at 8; *accord id.* at 2 (discussing the "express and plain language" of § 1332(a)(1)). The Court disagrees. The plain language of the statute does not allow for the conclusion that a state can be a citizen of itself. *See, e.g.*, *U.S.I. Props. Corp. v. M.D. Const. Co.*, 230 F.3d 489, 499 (1st Cir. 2000) ("Congress has not empowered the federal courts to exercise diversity jurisdiction over the states. By the express terms of the statute, the diversity jurisdiction does not ever extend to the states[.]" (citing 28 U.S.C. § 1332)).

[6] Defendant has not argued that Missouri is not the real party in interest here. *See Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014) (noting that if the state is "the real party in interest," its "presence as a party will destroy complete diversity").

(E.D. Mo. Apr. 26, 2007); *New York by James v. Amazon.com, Inc.*, --- F. Supp. 3d ---, No. 1:21-cv-01417-JSR, 2021 WL 3140051, at *4–5 (S.D.N.Y. July 26, 2021).

Though Defendant may have acted in good faith and believed that removal was proper,[7] "acting in good faith is not the same as acting with an objectively reasonable basis for doing so." *3W Int'l, Inc. v. Scottdel, Inc.*, 722 F. Supp. 2d 934, 936 (N.D. Ohio 2010); *accord Harlow v. Midland Credit Mgmt., Inc.*, No. 2:07-cv-5045-ABC, 2007 WL 3165669, at *1 (C.D. Cal. Sept. 5, 2007); *see also Robinson*, 855 F.3d at 897 (noting § 1447(c) does *not* require a party to have "acted in a reprehensible way" before a court may award costs). The Court finds having Defendant reimburse Plaintiff for its costs associated with Defendant's meritless removal is warranted here. *See, e.g.*, *Puerto Rico Dep't of Pub. Safety v. Tracfone Wireless, Inc.*, 514 F. Supp. 3d 400, 402 (D.P.R. 2021) (remanding case, awarding costs and attorney's fees under § 1447(c), and requiring removing counsel to complete a CLE on federal jurisdiction since neither Puerto Rico nor an alter ego of the Commonwealth is a citizen for purposes of diversity jurisdiction). While the Court will award Plaintiff its costs associated with its Motion to Remand, the Court declines to award Plaintiff the costs it incurred drafting the instant Motion. Plaintiff has established that its counsel, an assistant attorney general, spent 5.25 hours addressing Defendant's removal at a cost of $171.76 per hour, Docs. [20-1], [20-2], both of which the Court finds reasonable. Thus, the Court will award Plaintiff $901.74.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Costs, Doc. [19], is **GRANTED in part and DENIED in part**. Plaintiff is awarded reasonable attorney's fees from Defendant

---

[7] The Court notes, however, that Defendant's Notice of Removal misstated Plaintiff's Petition. The Notice of Removal stated that Plaintiff's "Petition alleges that Plaintiff is a resident of the State of Missouri," citing the Petition at paragraph one. Doc. [1] ¶ 9. But Plaintiff's Petition simply did not allege that. *See* Doc. [5] ¶ 1 (alleging only: "Eric S. Schmitt is the Attorney General of the State of Missouri and brings this action in his official capacity pursuant to Chapter 407, RSMo.").

Spencer Hunn in the amount of Nine Hundred One Dollars and Seventy-Four Cents ($901.74), to be paid within twenty-one (21) days of the date of this Order.

Dated this 12th day of January, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE